**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Richard D. WAKEFIELD,
Defendant-Appellant.**

**No. 13246.**

Missouri Court of Appeals,
Southern District,
Division Three.

April 16, 1985.

**810**

Charles M. Shaw, Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

This case is a companion to *State v. Wakefield*, 682 S.W.2d 136 (Mo.App.1984). The same order of criminal activity is involved. The two records before us indicate that at least nine distinct criminal charges were filed against the defendant as a result of the Missouri State Highway Patrol's investigation of the defendant's trafficking in stolen motor vehicles and parts thereof during the period from November 20, 1980, to April 27, 1981. By order dated November 3, 1982, the Circuit Court of Reynolds County consolidated all the pending prosecutions into two distinct cases, "for trial and *for all actions from this point forward."* (Emphasis ours.)

In this case, which was tried before the reported companion case, the State filed a six-count information charging defendant with: 1) disposing of parts of a stolen 1979 GMC pickup truck in violation of § 570.080, RSMo 1978;[1] 2) removing or defacing the manufacturer's identification numbers on a 1979 GMC pickup in violation of § 301.400; 3) disposing of parts of a 1979 Jeep CJ7 in violation of § 570.080; 4) commission of forgery in violation of § 570.090.1(3) by altering the vehicle identification number on the body of a 1979 Jeep CJ7 so that the vehicle purported to have an ownership it did not possess; 5) receiving or retaining a stolen 1979 Ford Thunderbird in violation of § 570.080, and 6) removing or defacing the manufacturer's identification number on a 1979 Ford Thunderbird in violation of § 301.400.

The cause came on for hearing on November 16, 1982. A jury panel appeared and the trial court read MAI–Cr.2d 1.02, omitting any reference to the offense charged in Count VI of the information. The voir dire examination was conducted. The panel was admonished, challenges for cause were considered and ruled on by the court, and the following proceeding then took place:

\* \* \*

---

1. References to statutes and rules are to RSMo 1978 and Missouri Rules of Court (13th ed. 1982), except where otherwise specifically noted.

THE COURT: Now, once again, out of the hearing and presence of the jury, there being no one else in the courtroom, as the Court has already indicated ... when the Court read Instruction 1.02 it did not mention the offense set out in Count VI. You are precluded from offering any evidence, Mr. MacFarlane, with respect to Count VI. The Court wants to go on record as showing that the State of Missouri did not provide the Court with a prepared Instruction 1.02 and it was the Court's oversight, of course, not to advise the jury of that count. However, the Court regrets it.

MR. MacFARLANE: Your Honor, by that, do you mean we cannot present evidence to ... the jury.

THE COURT: It will not be submitted to the jury. Evidence as it pertains to the other counts may be presented, but it will not be submitted to the jury.

MR. MacFARLANE: What I wanted to clarify, Your Honor, was that we do have evidence going to, which relates to the receipt of stolen property.

THE COURT: I understand that. You are not prevented from presenting evidence for that purpose. However, you will not be permitted to—

MR. MacFARLANE: Submit it?

THE COURT: That's correct. The court regrets that, but once again, and I am sure you are not familiar with this Court's procedure, we do expect the attorneys to provide MAI–CR 2nd 1.02. That wasn't done. The Court read from the volume itself, Volume I, and omitted to call that to the attention of the jury. Anything else?

MR. MacFARLANE: Nothing from the State, Your Honor.

MR. SHAW: Nothing from the defendant.

THE COURT: The Court at this time, Mr. MacFarlane, hands you the official jury list, indicating that jurors 4 and 15 have been challenged for cause, leaving a panel of 24....

\* \* \*

The trial proceeded to completion on five of the six counts pled in the information. The jury found defendant guilty upon all counts submitted. In accordance with the verdict and after considering defendant's motion for new trial, the court pronounced sentence as follows: 1) that defendant be confined for a period of 3 months for receiving stolen property as charged in Count I; 2) that defendant be confined for a period of 2 months for removing or defacing a manufacturer's number on an automobile as charged in Count II; 3) that defendant be confined for a period of 3 months for receiving stolen property as charged in Count III; 4) that defendant be confined for a period of 3 months for commission of forgery as charged in Count IV; 5) that defendant be confined for a period of 3 months for receiving stolen property as charged in Count V, and that the said sentences run consecutively and not concurrently. Defendant was ordered confined to the Reynolds County Jail. We find no record disposition of Count VI. None of the counts disposed of by trial in the other *Wakefield* case dealt with a Ford Thunderbird.

■ In criminal cases, as in civil cases, an appellate court is bound to inquire into its jurisdiction of the appeal, whether or not the parties raise that issue, and the sufficiency of the judgment and sentence are matters of jurisdictional import. *State v. Garrett,* 642 S.W.2d 378–379[1][2] (Mo. App.1982). We have the opinion that in this case no final, appealable judgment has been entered.

In this case, the State joined separate and distinct offenses constituting several acts which were part of a common scheme or plan, as authorized by Mo.R.Crim.P. 23.-05. The kindred nature of Mo.R.Crim.P. 23.05 and Fed.R.Crim.P. 8(a) is such that federal precedents bearing on failure to dispose finally of one count of a multi-count information—as it affects appealability—are persuasive here. Generally, our courts have indicated that a criminal judg-

ment is final both for the purposes of exhausting the trial court's judgment and of triggering the defendant's right of appeal when the sentence and judgment finally disposes of all issues in the criminal proceeding, leaves no questions to the future judgment of the court and is neither interlocutory nor conditional in any respect. Such, as we read the case, is the holding and substance of *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692 (Mo. banc 1979).

The federal cases are more explicit. Those authorities hold without equivocation that unless a sentence or other authorized punishment has been imposed upon every count of a multi-count indictment, the criminal judgment is not final and appealable. *United States v. Wilson*, 440 F.2d 1103, 1104–1105[2–4][5] (5th Cir.1971), cert. denied, 404 U.S. 882, 92 S.Ct. 210, 30 L.Ed.2d 163 (1972), and 405 U.S. 1016, 92 S.Ct. 1290, 31 L.Ed.2d 478 (1976); *United States v. Bronson*, 145 F.2d 939, 944[10] (2d Cir. 1944). See, generally, 15 Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction § 3918 (1976).

■ On the record before us, the appeal is premature because no disposition was made of Count VI of the information. The submission must be set aside. We are hesitant, however, to dismiss the appeal and require the defendant to take all the procedural steps required to appeal anew. Having consolidated the various charges, the trial court may again sever the crime charged in Count VI if it is so moved and the court considers it desirable. The State may still enter a nolle prosequi, subject to any objection defendant may make upon the grounds of double jeopardy if the State seeks to try Count VI at a later date, or the State may dismiss Count VI if it is so advised.

■ There is no doubt that this court may remand for the limited purpose of correcting the record. See: *State v. Phroper*, 619 S.W.2d 83 (Mo.App.1981) [re-

sentencing only]; *State v. Jackson*, 599 S.W.2d 527 (Mo.App.1980); *State v. Shipman*, 560 S.W.2d 603 (Mo.App.1978). Therefore rather than dismiss the appeal, we shall hold the appeal in abeyance and remand the cause to the trial court for the limited purpose of disposing of Count VI. Upon receipt of a judgment or docket entry showing disposition of Count VI, the appeal will be reinstated. Cf. *State v. Wilke*, 560 S.W.2d 601 (Mo.App.1978). It is so ordered.

MAUS, J., concurs in dissent.

GREENE, C.J., and PREWITT, J., concur.

CROW, P.J., dissents.

CROW, Presiding Judge, dissenting.

I respectfully dissent.

Assuming the six counts were properly joined in the single information per Rule 23.05 [1]—defendant does not argue otherwise—the trial judge had discretion under Rule 24.07 whether to order the counts tried jointly or separately. *State v. McCrary*, 621 S.W.2d 266, 272[7] (Mo. banc 1981); *State v. Jackson*, 645 S.W.2d 725, 728[9] (Mo.App.1982).

It is clear that the trial judge, after realizing he had overlooked Count VI during the reading of MAI–CR 2d 1.02, decided that Count VI would not be tried with the other five. Perhaps, in the interest of maintaining a tidy record, he should have made a formal written entry spelling out that Count VI was being severed from the other five for purpose of trial. The fact remains, however, that Counts I through V were tried and Count VI was not. There was, consequently, a *de facto* severance of Count VI from the other five, which severance occurred before the jury was selected and sworn to try those five.

In these circumstances, I see no reason why appellate review of the five counts

---

1. Rule references are to Missouri Rules of Criminal Procedure (13th ed. 1982).

which were tried and reduced to judgment should not proceed. Each of those counts charged a separate crime, completely independent of each other. The *outcome* of each did not hinge on the outcome of any other.

The majority opinion holds, however, that the appeal is premature because no "disposition" was made of Count VI. Does this mean that if, on remand, the trial judge enters a formal order severing Count VI from the other five, appellate review of the judgment on Counts I through V will then proceed forthwith, utilizing the transcript, legal file and briefs already before us? If that is all the majority opinion holds, I am not deeply troubled, even though I see no need for such an order at this juncture, as a severance has in fact taken place by the trial, and resultant judgment, on Counts I through V.

The aspect of the majority opinion that most alarms me is the implication that a formal severance of Count VI from the other five may not be enough to make the judgment on those five appealable. The majority opinion appears, at least to me, to hint that after the trial judge severs Count VI, the prosecutor must dispose of that count by a *nolle prosequi* or a dismissal, and only then will the judgment on Counts I through V be appealable. If that is what the majority opinion intends to say, I believe it plants the seed for a bitter harvest.

Situations can easily arise where multiple counts against one defendant are properly joined in one information, and yet it would be an abuse of judicial discretion to order all counts tried jointly. Other situations (the instant case being an example) can occur where one or more counts of a multiple-count information against one defendant are, for sundry reasons, not tried with the other counts. In such situations, must the prosecutor nolle or dismiss all untried counts before there can be appellate review of those that were tried and reduced to judgment? If not, must appellate review be kept in limbo until the remaining counts are reduced to judgment? Would the latter procedure be fair to an incarcerated defendant?

It is conceivable that in a multiple-count case against one defendant, one count could be severed and tried, with the trial receiving great notoriety. If the defendant were convicted on that count, and if the State pursued the remaining count or counts, the publicity surrounding the first trial might require a change of venue for the trial of the remaining count or counts. Should that occur, and should that trial also result in a conviction, it would obviously be impossible for one court to enter one judgment disposing of all of the tried counts.

A situation could also arise where two defendants were properly charged, in separate counts in a single information, and tried together. If the jury returned a verdict of guilty on one defendant, but was unable to reach a verdict on the other defendant, must the first defendant await appellate review until there is a "disposition" as to the second defendant?

All of these vexing problems can be avoided by recognizing that the judgment on Counts I through V in the instant case is ready for appellate review and that no good reason exists for postponing it. If, in the future, the State undertakes to try defendant on Count VI, and if defendant believes the State, by reason of the trial judge's handling of Count VI below, is barred from pursuing that count, defendant can raise the issue and it can be addressed. We note, however, that defendant voiced no objection when the trial judge announced that Count VI would not be submitted to the jury with the other five.

The only Missouri case relied on by the majority, *State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692 (Mo. banc 1979), is inapposite. There, a trial judge, after imposing sentence and rendering judgment in a criminal case, undertook to set the judgment and sentence aside for the purpose of obtaining a supplementary presentence investigation report. On application by the defendant, the Supreme Court of Missouri prohibited the judge from resentencing the

defendant, ruling that the judge had exhausted his jurisdiction upon entry of the original judgment and sentence and that the judge had exceeded his jurisdiction in purporting to set the same aside. Nothing like that occurred here.

This Court once reviewed, in separate appeals, three judgments arising from separate trials of different individual counts of a multiple-count information against the same defendant. *State v. Kimball,* 613 S.W.2d 932 (Mo.App.1981); *State v. Kimball,* 620 S.W.2d 29 (Mo.App.1981); *State v. Kimball,* 624 S.W.2d 158 (Mo.App.1981). The lack of a "disposition" as to all counts was obviously no bar to appellate review there.

I would consider the instant appeal on the merits and leave the State and the trial judge to decide, in due course, what to do about Count VI.