STATE of Missouri, Appellant,

v.

Dennis M. BURNS, Respondent.

No. 81416.

Supreme Court of Missouri,
En Banc.

June 29, 1999.

Hershel D. Shepherd, Dwight K. Scroggins, Jr., St. Joseph, for Appellant.

T. Jefferson Stephens, District Public Defender, Maryville, for Respondent.

JOHN C. HOLSTEIN, Judge.

On September 18, 1997, Dennis Burns ("defendant") was charged by information with the class B felony of delivery of cocaine, in violation of section 195.211, RSMo 1994. The state failed to comply with a pre-trial order to produce a confidential informant who was a material witness in the case for an interview by defense counsel. In response, the trial judge sustained the defendant's motion to dismiss on the morning trial was to commence. The trial judge indicated his order of dismissal was without prejudice. The state filed a notice of appeal. Following opinion by the Missouri Court of Appeals, Western District, this Court granted transfer.

Defendant claims the court of appeals and, after transfer, this Court are without jurisdiction because the trial court's dismissal of his case was neither a final judgment nor a species of interlocutory order that may be appealed. Section 547.200, RSMo Supp.1997. The defendant is correct, and the appeal is dismissed.

The right to appeal is purely statutory. *State v. Troupe,* 891 S.W.2d 808, 813 n. 5 (Mo. banc 1995) (citing *State ex rel. Garnholz v. La Driere,* 299 S.W.2d 512, 515 (Mo. banc 1957)). Section 547.200, RSMo Supp.1997, provides:

1. An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in:

    (1) Quashing an arrest warrant;

    (2) A determination by the court that the accused lacks the mental capacity or fitness to proceed to trial, pursuant to section 552.020, RSMo;

    (3) Suppressing evidence; or

    (4) Suppressing a confession or admission.

2. The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210 [cases where the indictment or information has been held insufficient] and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant. The supreme court shall issue rules governing such appeals . . .

5. The supreme court shall issue appropriate rules to facilitate the disposition of such appeals, balancing the right of the state to review the correctness of pretrial decisions of a trial court against the rights of the defendant to a speedy trial, including measures to facilitate these appeals by shortening of the time to file appellant's brief under supreme court rule 30.06(K) to ten days, and eliminations of motions for rehearing or retransfer under supreme court rules 30.26 and 30.27.

■■■ This Court has issued rules in accordance with section 547.200. Rule 30.01 governs appeals from final judgments. Rule 30.02 governs interlocutory appeals. The parties agree that the trial court's dismissal of this matter is not one of the four types of interlocutory orders enumerated in section 547.200.1 from which an appeal is permitted. As for those appeals authorized by section 547.200.2, Rule 30.01 provides that parties may appeal in a criminal case only "[a]fter the rendition of a final judgment." A trial court's judgment is final for purposes of conferring appellate jurisdiction if the judgment "disposes of all disputed issues in the case and leaves nothing for future adjudication." *Williams v. State*, 954 S.W.2d 710, 711 (Mo.App.1997). The most common instance in which a judgment is final in a criminal case is when sentence is entered. *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994); *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 693 (Mo. banc 1979). Additionally in a criminal case, a judgment is final when the trial court enters an order of dismissal or discharge of the defendant prior to trial which has the effect of foreclosing any further prosecution of the defendant on a particular charge, for example, when an information is dismissed because the trial court determines that the offense charged is unconstitutional. *See State v. Lee Mechanical Contractors, Inc.*, 938 S.W.2d 269, 271 (Mo. banc 1997).

The state argues that section 547.200.2, which allows the state to appeal "in all criminal cases except where the possible outcome of such appeal could result in double jeopardy for defendant," establishes its right to appeal. After all, the state contends, reviewing the merits of its appeal in the present case would not violate defendant's right to be free from double jeopardy. Section 547.200.5 directs this Court to "issue appropriate rules to facilitate the disposition of such appeals, balancing the right of the state to review the correctness of pretrial decisions of the trial court against the right of the defendant to a speedy trial." As discussed above, this Court's rules provide that a final judgment is required before the state may appeal a matter not enumerated in section 547.200.1. To read section 547.200.2 as the state asks would negate the important limitation of subsection 5

and would render meaningless the specific cases enumerated in subsection 1.

This conclusion is consistent with precedent. In *State v. Willis*, the court of appeals applied the criminal final judgment rule in a case of dismissal without prejudice. 677 S.W.2d 416 (Mo.App.1984). The court noted, "In the case at bar, there has been no finding of guilt, let alone imposition of sentence." *Id.* Such orders are interlocutory. *Id.* at 417, (citing*United ed States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18(1978)), and *United ed States v. Grabinski*, 674 F.2d 677, 680 (8th Cir.1982)), *cert. denied*, 459 U.S. 829, 103 S.Ct. 67, 74 L.Ed.2d 67 (1982); *see also State v. Lynch*, 679 S.W.2d 858, 862 (Mo. banc 1984) (suspended imposition of sentence is not a final, appealable judgment); *State v. Drake*, 906 S.W.2d 787, 788 (Mo.App.1995).

The state also cites a narrow and rarely relied on exception to the general rule that a dismissal without prejudice is unappealable. Several cases have noted that notwithstanding a trial court's declaration that a dismissal is without prejudice, a judgment is final and an appeal will lie where the dismissal has the "practical effect of terminating the litigation in the form in which it is cast or in the plaintiff's chosen forum." *Fitzpatrick v. Hannibal Regional Hospital*, 922 S.W.2d 840, 842 (Mo.App.1996); *see also Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991); *Nolan v. State*, 959 S.W.2d 939, 940 (Mo.App.1990); *Skaggs v. Skaggs*, 938 S.W.2d 302 (Mo.App.1997); *Douglas v. Thompson*, 286 S.W.2d 833, 834 (Mo.1956). The exception appears to be limited to those rare situations in which a dismissal without prejudice is based on an assertedly deficient claim, as in *Fitzpatrick*, or where the basis of the dismissal without prejudice places a substantial cloud on a party's right to further litigate an issue or claim, as in *Mahoney* or *Nolan*.

Here, the state concedes that it may refile the very same charge in the very same forum.[1] There is nothing to suggest that double jeopardy has attached or that the statute of limitations has run so that the order of dismissal without prejudice precludes further litigation of any issue or claim. The trial judge anticipated that the charge would be refiled. For these reasons, the exception relied on by the state is inapplicable.

■ If, as the state asserts in its brief, the trial court "lacked authority" to dismiss the information without prejudice for failure to comply with discovery rules, the state is not without recourse where an appeal is not available. *See* Rule 97 and section 530.010 (writ of prohibition exists to prevent the "usurpation of judicial power"); *see also State ex rel. Osborne v. Goeke*, 806 S.W.2d 670 (Mo. banc 1991). The state concedes that pretrial discovery orders are generally reviewable by writ. *State ex rel. Chaney v. Franklin*, 941 S.W.2d 790, 794 (Mo.App.1997); *State ex rel. Schwebe v. Campbell*, 878 S.W.2d 827, 829 (Mo.App.1993). Such an approach produces a more coherent procedural result by limiting interlocutory interference with the trial of a criminal case by an appellate court to those very rare instances of judicial excess by the trial court.

For the foregoing reasons, this Court is without jurisdiction over the appeal. The state's appeal is dismissed.

All concur.

---

1. In fact, the state has attempted to refile the charge while still prosecuting this appeal.