STATE of Missouri, Plaintiff–
Appellant,

v.

James Douglas STORER, Defendant–
Respondent.

No. SD 30391.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 5, 2010.

Brian Keedy, Prosecuting Attorney, and Aaron Koeppen, Assistant Prosecuting Attorney, Camdenton, MO, for Appellant.

Karie Comstock, District Public Defender, Lebanon, MO, for Respondent.

GARY W. LYNCH, Judge.

The State appeals an order dismissing with prejudice four of six counts in a felony information filed against James Douglas Storer ("Defendant"). Finding that it is premature, we dismiss the State's appeal.

### Factual and Procedural Background

Previously, in another case, Defendant was charged with three counts of statutory sodomy in the first degree and one count of forcible sodomy, all involving the same victim. That case was tried before and submitted to a jury in February 2009. Following several hours of the jury's deliberation without being able to reach a verdict, the trial court declared a mistrial.

Fourteen days later, the State entered a *nolle prosequi* of all four counts; before doing so, the State notified Defendant of its intent to subsequently re-file the charges. No leave of court was sought by the State or granted by the trial court. Thereafter, the State filed in this case an information against Defendant in which the first four counts mirrored the four counts in the prior case and which, evidently as authorized by Rule 23.05, joined two additional counts involving sexual offenses against a different minor victim.[1]

Defendant filed a motion to dismiss the first four counts, arguing that to allow the State to re-litigate those charges would constitute double jeopardy. Following a hearing on that motion, the trial court entered an order by docket entry in favor of Defendant, dismissing with prejudice the first four counts of the information. The two additional counts pertaining to the new victim, however, remain pending. The State, nevertheless, now appeals the dismissal of the first four counts.

### Analysis

Defendant claims that this appeal is premature in that it does not satisfy any of the requirements of Section 547.200 that would grant us statutory authority to entertain an appeal in this case in its current posture. We agree. *See State v. Thomas,* 801 S.W.2d 504, 505 (Mo.App.1991) and *State v. Wakefield,* 689 S.W.2d 809, 812 (Mo.App.1985) (appeals were premature where one count in the information remained pending).

Section 547.200 governs the circumstances under which the State may take an appeal.[2] *State v. Smothers,* 297 S.W.3d 626, 630 (Mo.App.2009). Subsection 5 of that statute requires "the Supreme Court of Missouri to issue rules to facilitate the disposition of appeals made pursuant to that section." *Id.* Therefore, appeals taken in consonance with section 547.200 must also conform to Rules 30.01 and 30.02, which govern appeals in criminal cases. *Id.* (citing *State v. Burns,* 994 S.W.2d 941, 942 (Mo. banc 1999)).

Rule 30.01 provides that, in a criminal case, a party shall be entitled to an appeal after the rendition of *final* judgment. Rule 30.02 provides the procedure for interlocutory appeals when such appeals are "permitted by law." Section 547.200.1 lists circumstances when the State is permitted by law to pursue interlocutory appeals: when an order or judgment (1) quashes the arrest warrant; (2) finds that the accused lacks the capacity or fitness for trial; (3) suppresses evidence; or (4) suppresses a confession or an admission.

*Smothers,* 297 S.W.3d at 630. If an order does not fall into one of the four categories in section 547.200.1, then it must be a final judgment in order for the State to have the ability to take an appeal. *Burns,* 994 S.W.2d at 942–43; section 547.200.2.

■ The State contends here that the dismissal order effectively quashes the arrest warrant, thus falling within the first category of section 547.200.1. We dis-

---

1. All rule references are to Missouri Court Rules (2010), unless otherwise indicated.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

agree. Upon the filing of the complaint in this case, a warrant for Defendant's arrest was issued by the court. Defendant has been incarcerated since his arrest upon the execution of that warrant. Therefore, the continued pendency of two additional counts and Defendant's continued incarceration pursuant to the arrest warrant issued in this case necessarily refutes the State's contention. The State makes no contention that the order at issue falls into any one of the three remaining categories in section 547.200.1 authorizing an interlocutory appeal. Thus, in the absence of any statutory authority for an interlocutory appeal, the State may only take an appeal from the dismissal order if it is a final judgment. *See* section 547.200.2.

■ "A trial court's judgment is final for purposes of conferring appellate jurisdiction if the judgment 'disposes of all disputed issues in the case and leaves nothing for future adjudication.'" *Burns*, 994 S.W.2d at 942 (quoting *Williams v. State*, 954 S.W.2d 710, 711 (Mo.App.1997)). This generally occurs when a sentence is entered and imposed. *Burns*, 994 S.W.2d at 942. However, "in a criminal case, a judgment is [also] final when the trial court enters an order of dismissal or discharge of the defendant prior to trial[,] which has the effect of foreclosing any further prosecution of the defendant[.]" *Id.*

■ Although the trial court in this case dismissed the first four counts of the information with prejudice, it left the two additional counts pending against Defendant. The resolution of these two charges is dependent upon "future adjudication" and "further prosecution of the defendant" such that the judgment, therefore, is not final for purposes of appeal. *See Thomas*, 801 S.W.2d at 505; *Wakefield*, 689 S.W.2d at 812.

## *Decision*

Because the appealed dismissal order is not subject to an interlocutory appeal and is not a final judgment, we have no statutory authority to entertain the State's appeal and, accordingly, it is dismissed.

BARNEY, P.J., and BURRELL, J., concur.