

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC94745 |
| | ) | |
| JERRI SMILEY, | ) | |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY**
The Honorable Calvin R. Holden, Judge

*Opinion issued January 26, 2016*

The state appeals the trial court's decision, entered before plea or determination of Ms. Smiley's guilt at trial, declaring the three-year mandatory minimum incarceration requirement in section 571.015, RSMo 2000, unconstitutional as applied to all juvenile offenders. The state has no right to appeal this interlocutory decision under section 547.200.1, RSMo 2000, nor does the trial court's decision constitute a final judgment from which the state is entitled to appeal under section 547.200.2. Accordingly, the appeal is dismissed.

## Background

In June 2013, Ms. Smiley, then 16 years old, was arrested by police for allegedly stabbing another young woman in the back with a knife, causing a wound that required

seven surgical staples to close. The Greene County juvenile officer filed a petition in the circuit court's juvenile division alleging that Ms. Smiley had committed acts that, if committed by an adult, would constitute first-degree assault, armed criminal action, and second-degree assault. In July 2013, the juvenile officer filed a motion under section 211.071.1, RSMo Supp. 2013, to dismiss the petition and transfer Ms. Smiley to a court of general jurisdiction for prosecution under the general law.

The juvenile division held a hearing on the juvenile officer's motion and entered a judgment dismissing the delinquency petition. Thereafter, the state charged Ms. Smiley with one count of first-degree assault under section 565.050, RSMo 2000, and an associated armed criminal action count under section 571.015.1. She waived her right to a jury trial, and the matter was set for a bench trial.

Less than a week before trial, however, Ms. Smiley filed (and later supplemented) a motion to dismiss the armed criminal action charge on the ground that the application of the sentencing provisions of section 571.015.1 to juvenile offenders is unconstitutional under the state and federal constitutions. Section 571.015.1 states, in pertinent part:

> [A]ny person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by imprisonment … for a term of not less than three years. … No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years.

Ms. Smiley argued that the three-year mandatory minimum incarceration provision in section 571.015.1 violates her right to due process under the Fourteenth Amendment of the United States Constitution and article I, section 10 of the Missouri

Constitution and that it violates the prohibition against cruel and unusual punishment found in the Eighth Amendment of the United States Constitution and article I, section 21 of the Missouri Constitution. In support, Ms. Smiley cited *Roper v. Simmons*, 543 U.S. 551 (2005) (holding that the Eighth Amendment categorically excludes a defendant from receiving the death penalty for any murder committed as a juvenile); *Graham v. Florida*, 560 U.S. 48 (2010) (holding that the Eighth Amendment categorically excludes a defendant from receiving a sentence of life without parole for any non-homicide offense committed as a juvenile); and *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (holding that the defendant may receive a sentence of life without parole for a murder committed as a juvenile only after an individualized determination by the sentencer that such a punishment is just and appropriate in light of the offender's age, experience, and the other circumstances of the crime).

Without Ms. Smiley having pleaded guilty to the armed criminal action charge or being found guilty of that crime at trial, the trial court entered "Findings of Fact, Conclusions of Law and Judgment" adopting Ms. Smiley's arguments. The trial court determined that section 571.015.1 was unconstitutional as applied to all juvenile offenders because "prohibiting mandatory incarceration is a logical extension of the United States Supreme Court decision in *Miller v. Alabama*." But, rather than dismissing the armed criminal action count as Ms. Smiley requested, the trial court concluded that "the appropriate remedy is not a dismissal of Count II." Instead, the trial court determined that "[s]evering the last sentence of the first subsection [of section 571.015] sufficiently addresses the issue of mandatory incarceration" because doing so will allow

3

the trial court to suspend imposition of sentence in favor of probation or impose a sentence of three (or more) years and suspend execution of that sentence in favor of probation. The trial court then entered the following, which it denominated a "judgment:" "The Court therefore severs the last sentence of subsection 1 of Section 571.015 RSMo. for juveniles who are certified to stand trial as adults pursuant to Section 211.071 RSMo." Three days later, the state filed this appeal.

*Analysis*

Ms. Smiley challenges the state's right to appeal the trial court's interlocutory determination regarding the constitutional validity of section 571.015.1, and the issue has been thoroughly briefed by both parties. "The right to appeal is purely statutory." *State v. Burns*, 994 S.W.2d 941, 941 (Mo. banc 1999). Unless that right is granted in sections 547.200 and 547.210, the state's appeal must be dismissed. *See Fannie Mae v. Truong*, 361 S.W.3d 400, 405 (Mo. banc 2012) ("An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal.") (internal quotation marks omitted). Section 547.200 provides in pertinent part:

> 1. An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in:
>> (1) Quashing an arrest warrant;
>> (2) A determination by the court that the accused lacks the mental capacity or fitness to proceed to trial, pursuant to section 552.020;
>> (3) Suppressing evidence; or
>> (4) Suppressing a confession or admission.
> 2. The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210 [cases where the indictment or information has been held insufficient] and in all

4

other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant ….

3. The appeal provided in subsection 1 of this section shall be an interlocutory appeal ….

Subsection 547.200.1 permits the state to appeal an interlocutory "order or judgment" in four discrete instances, but the state concedes that the trial court's decision regarding the constitutionality of section 571.015.1 does not fall within any of these categories. Subsection 547.200.2 gives the state the right to appeal under the circumstances identified in section 547.210, but the state also concedes this statute does not apply here. Finally, section 547.200.2 authorizes the state to appeal "in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant." Appeals under section 547.200.2, however, may only be sought after a final judgment has been entered. *See* Rule 30.01 ("After the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law.").

"A trial court's judgment is final … if the judgment disposes of all disputed issues in the case and leaves nothing for future adjudication." *Burns*, 994 S.W.2d at 942 (internal quotation marks omitted). In a criminal case, a judgment is final when sentence is entered or "when the trial court enters an order of dismissal … prior to trial which has the effect of foreclosing any further prosecution of the defendant on a particular charge, for example, when an information is dismissed because the trial court determines that the offense charged is unconstitutional." *Id.*

5

Here, the trial court's determination regarding the three-year mandatory minimum incarceration provision of section 571.015.1 – though denominated a "judgment" – is not a "final judgment" as required by section 547.200.2. Not only has Ms. Smiley not been sentenced for armed criminal action, she also has not been found or pleaded guilty to that offense. Indeed, barring a guilty plea, the trial court (as trier of fact) will not even consider whether Ms. Smiley is guilty of armed criminal action unless and until it finds she is guilty of the associated assault charge. Because all of this remains to be determined, the trial court's judgment was not a final judgment for purposes of section 547.200.2.

The state argues that the trial court's decision is a final judgment because it "effectively dismissed" the armed criminal action charge against Ms. Smiley. This is incorrect. The trial court stated unequivocally that "the appropriate remedy is not a dismissal of Count II." Not only did the trial court expressly reject Ms. Smiley's request to dismiss the armed criminal action count, but the trial court's decision also indicates that she must and will stand trial on that charge. If she is found or pleads guilty to that crime, the trial court's decision merely indicates that it may – but does not indicate it will[1] – either sentence her for that crime in compliance with the statutory mandatory incarceration provision and suspend the execution of that sentence pending a period of probation or suspend the imposition of any sentence pending a period of probation.

_____

[1] It would be highly improper for the trial court to pronounce sentence for Ms. Smiley before her guilt is established, and the trial court's decision does not purport to do so.

Because Ms. Smiley continues to face trial and possible conviction on the armed criminal action charge, the state's contention that the charge was "effectively dismissed" so as to give it a right to appeal under section 547.200.2 must be rejected. The trial court's judgment is not a "final judgment" for purposes of section 547.200.2 regardless of what it suggests the court may do if Ms. Smiley subsequently pleads guilty to (or is found guilty of) both the assault and armed criminal action charges. Accordingly, the state's appeal must be dismissed.

Even though the state has no right to appeal because there has been no final judgment, Ms. Smiley argues that *In re N.D.C.*, 229 S.W.3d 602 (Mo. banc 2007), nevertheless, requires this Court to reach the merits of the state's arguments by considering the appeal to be a petition for a writ of prohibition. Ms. Smiley misconstrues *In re N.D.C.*, however, and it does not support the extraordinary action she seeks.

First, it was the appellant who urged an alternative construction of the appeal in *In re N.D.C.*, not the respondent. Second the rationale applied in *In re N.D.C.* is not present here. *In re N.D.C.* holds that an appeal should be construed to present a petition for a "writ of prohibition … where there is [an] important question of law decided erroneously that would otherwise escape review." *Id.* at 604. Such circumstances occur only rarely. In *In re N.D.C.*, the trial court had excluded certain evidence in a juvenile delinquency proceeding on constitutional grounds. *Id.* at 603. Because this Court previously had held that a juvenile officer cannot wait and appeal such a decision after final judgment, *see In re R.B.*, 186 S.W.3d 255, 257 (Mo. banc 2006), the juvenile officer filed an interlocutory appeal. *In re N.D.C.*, 229 S.W.3d at 603. The Court went on to hold in

*In re N.D.C.*, however, that an interlocutory appeal also was not permitted because the statute[2] only allows interlocutory appeals when evidence is suppressed, not when it is merely excluded on evidentiary (even constitutional) grounds. *Id.* at 604. Noting that the combination of these two holdings would prevent the juvenile officer in *In re N.D.C.* from ever obtaining appellate review of the trial court's decision, the Court held that it was appropriate to treat the appeal as a petition for a writ of prohibition to ensure that an "important question of law decided erroneously" would not "otherwise escape review." *Id.*

Here, there is no possibility that the trial court's decision – once translated into action – will escape appellate review. If the charge is dismissed by the state or Ms. Smiley is acquitted at trial, no appellate review will be needed because the trial court's views about the constitutional validity of section 571.015.1 will turn out to have been wholly advisory. On the other hand, if Ms. Smiley pleads or is found guilty of both assault and armed criminal action, the trial court must take one of two paths, both of which are subject to appellate review. First, under the holding of *State v. Hart*, 404 S.W.3d 232 (Mo. banc 2013), if the trial court determines that the state or federal constitution does not allow it to impose on Ms. Smiley any sentence authorized by section 571.015.1, then the statute is void as applied to her[3] and the charge must be

---

[2]   *In re N.D.C.* involved the juvenile officer's right to appeal from a judgment in the juvenile division, which is governed by section 211.261, RSMo 2000. 229 S.W.3d at 603. Similar to section 547.200.1, section 211.261 allows an interlocutory appeal from any order suppressing evidence, a confession, or an admission.

[3]   *Hart* makes clear that a statute's failure to provide a constitutionally sound punishment for a given crime merely renders that statute void as to the individual defendant, not

dismissed. *Id.* at 246-47 (stating that courts may not use severance to impose a sentence not expressly authorized by statute). In that event, the state will be able to challenge this ruling on appeal under section 547.200.2. On the other hand, if the trial court remands Ms. Smiley to the Department of Corrections for a term of three or more years,[4] Ms. Smiley can pursue her constitutional objection to such a sentence on appeal. If the trial court declines to take one of these two paths (by, for example, purporting to suspend imposition or execution of Ms. Smiley's sentence), the state will be able to challenge such an action through a petition for extraordinary writ.[5]

## *Conclusion*

For the reasons set forth above, the trial court in this case has entered no final judgment from which the state is entitled to appeal under section 547.200.2. Nor has the trial court taken any action from which the state is authorized to seek an interlocutory appeal under section 547.200.1. As a result, the state has no authority to bring this appeal. The Court declines Ms. Smiley's request to treat the state's appeal as a petition

---

unconstitutional. *See Hart*, 404 S.W.3d at 246 n. 11 ("even if it turns out that section 565.020.2 is void as applied to Hart (or some other juvenile offender), that does not mean that section 565.020 is unconstitutional, even on an 'as applied' basis").

[4] The Court expresses no opinion whether *Miller* requires the "sentencer" to find beyond a reasonable doubt that a statutorily authorized sentence for Ms. Smiley is fair and appropriate under all the circumstances. To do so would delve too deeply into the merits of this question, which the Court lacks authority to do.

[5] *See*, *e.g.*, *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 64 (Mo. banc 2008) (mandamus is "appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal"); *State v. Larson*, 79 S.W.3d 891, 895 (Mo. banc 2002) ("In limited cases, a writ may be used when a trial court erroneously decides an important question of law, and no adequate remedy at law exists."); *State ex rel. Dally v. Elliston*, 811 S.W.2d 371, 373 (Mo. banc 1991) ("We exercised our discretion in issuing this original writ [of prohibition]

9

for an extraordinary writ because the trial court has not yet done anything a writ of prohibition should restrain or refused to do anything a writ of mandamus should compel. Instead, its determination concerning the possible application of the sentencing provisions of section 571.015.1 to Ms. Smiley was and remains interlocutory and advisory unless and until that court is called upon to sentence her following a plea or finding of guilt on the charge of armed criminal action. Accordingly, the state's appeal is dismissed.

_____

Paul C. Wilson, Judge

All concur.

---

because 'questions of significance fail otherwise to obtain judicial review.'") (quoting *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991).