

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| v. | ) | No. SD35047 |
| | ) | Filed: April 17, 2019 |
| JEFFREY A. WATERS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

Honorable John D. Beger, Circuit Judge

**APPEAL DISMISSED**

Following a jury trial on a four-count information, the jury found Jeffrey Waters (Defendant) guilty of two of the counts: first-degree statutory sodomy and attempted first-degree statutory sodomy. *See* § 566.062.[1] The jury, however, was unable to reach a verdict on the two other counts alleging statutory rape and incest. *See* §§ 566.032, 568.020. The trial court declared a mistrial as to the latter two counts. The court imposed sentences on the two counts on which the jury found Defendant guilty and entered a judgment showing a disposition and sentence on two of the four counts. Defendant appealed. Because the

---

[1] All statutory references are to RSMo Noncum. Supp. (2014) unless otherwise indicated. All rule references are to Missouri Court Rules (2018).

two remaining counts are still pending, the judgment is not final. Therefore, we dismiss the appeal.

**Background**

Defendant was originally charged with the following four offenses that allegedly occurred in November 2015: the unclassified felony of first-degree statutory rape (Count 1); the unclassified felony of first-degree statutory sodomy (Count 2); the class D felony of incest (Count 3); and the unclassified felony of attempted first-degree statutory sodomy (Count 4). Prior to Defendant's jury trial, the trial court found that Defendant was a prior felony offender.

A jury trial was held in April 2017. On Counts 2 and 4, the jury found Defendant guilty of first-degree statutory sodomy and attempted statutory sodomy. On Counts 1 and 3, the jury was unable to reach a verdict. The trial court declared a mistrial as to those two counts. Thereafter, the court conducted a sentencing hearing on the two charges of which Defendant was found guilty. The trial court imposed consecutive terms of imprisonment for ten and eight years, respectively, on the first-degree statutory sodomy and attempted statutory sodomy counts.

In June 2017, the trial court entered a judgment correctly reflecting the jury verdicts of "Guilty" and consecutive sentences on Counts 2 and 4. With respect to Counts 1 and 3, however, the judgment incorrectly specified that the jury verdicts were "Not Guilty" on both counts. Thereafter, Defendant filed the underlying appeal.

In August 2017, the trial court entered an amended judgment. The amended judgment restated the correct disposition and consecutive sentences on Counts 2 and 4, but completely omitted any mention of Counts 1 and 3. Because there was no formal

2

disposition of those counts and they appeared to remain pending, this Court issued an order to show cause for the parties to submit written suggestions why the appeal should not be dismissed for lack of a final judgment. In response, both parties urge this Court not to dismiss the appeal. For the following reasons, we reject the parties' arguments and dismiss the appeal.

We begin by noting this Court has an obligation, acting *sua sponte* if necessary, to determine its authority to hear the appeals that come before it. ***State v. Geist***, 556 S.W.3d 117, 123 (Mo. App. 2018). "The right to appeal is statutory." ***Id***.; *see also* ***Fannie Mae v. Truong***, 361 S.W.3d 400, 405 (Mo. banc 2012) (an appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal).

As relevant here, § 547.070 RSMo (2016) authorizes an appeal by a defendant "[i]n all cases of final judgment rendered upon any indictment or information[.]" ***Id***. Additionally, Rule 30.01(a) provides that "[a]fter the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law." ***Id***. "A trial court's judgment is final ... if the judgment disposes of all disputed issues in the case and leaves nothing for future adjudication." ***State v. Burns***, 994 S.W.2d 941, 942 (Mo. banc 1999). Generally, this occurs when a sentence is imposed. ***Id***.

In a multi-count information or indictment, however, a judgment of conviction and sentence that resolves fewer than all counts does not result in a final judgment from which an appeal would lie. ***State v. Storer***, 324 S.W.3d 765, 766-67 (Mo. App. 2010). In ***Storer***, the trial court dismissed the first four counts of the information with prejudice, but left two additional counts pending against the defendant. ***Id***. at 767. Because "resolution of these two charges is dependent upon 'future adjudication' and 'further prosecution of the

defendant'" this Court determined the judgment was not final and dismissed the appeal. *Id*. Absent a final judgment as to all counts, this Court has consistently held that the judgment is not final for purposes of appeal, and because the appeal is premature, this Court is without authority to address the merits of the appeal. *Id*.; **State v. Thomas**, 801 S.W.2d 504, 505 (Mo. App. 1991); **State v. Wakefield**, 689 S.W.2d 809, 811-12 (Mo. App. 1985).

The parties urge this Court to ignore our long-standing precedent and not dismiss this appeal for two reasons. First, both parties argue this Court should adopt the approach of the eastern district of this Court, which has determined that, in a multi-count information, a defendant may appeal those counts on which a sentence has been imposed. *See* **State v. Bracken**, 333 S.W.3d 48, 53 (Mo. App. 2010) (concluding that because "sentences have been imposed on Counts 15 and 16 … judgment as to those counts is final for purposes of appellate review"). Second, citing **State v. Honeycutt**, 421 S.W.3d 410 (Mo. banc 2013), the State argues that the Supreme Court has "effectively overruled this Court's ruling in *Storer*, though it did not do so explicitly." We disagree with both arguments and address each in turn.

We find recent support for our approach in **Storer** from our Supreme Court in **State v. Smiley**, 478 S.W.3d 411 (Mo. banc 2016). There, the Court reiterated the long-standing rule of finality as set forth in **Burns**:

> "A trial court's judgment is final ... if the judgment disposes of all disputed issues in the case and leaves nothing for future adjudication." *Burns*, 994 S.W.2d at 942 (internal quotation marks omitted). In a criminal case, a judgment is final when sentence is entered or "when the trial court enters an order of dismissal ... prior to trial which has the effect of foreclosing any further prosecution of the defendant on a particular charge, for example, when an information is dismissed because the trial court determines that the offense charged is unconstitutional." *Id.*

*Smiley*, 478 S.W.3d at 415; *see also State v. Lovett*, 427 S.W.3d 897, 901 n.7 (Mo. App. 2014) (the western district of this Court noted that "[a]lthough this Court has yet to address the finality issue, we have cited favorably to *Burns*, 994 S.W.2d at 942, for the proposition that a judgment in a criminal case is final when the trial court enters an order of dismissal or discharge of the defendant prior to trial which has the effect of foreclosing any further prosecution of the defendant on a particular charge").

In *Smiley*, the defendant, a juvenile, was charged with first-degree assault and armed criminal action (ACA). *Smiley*, 478 S.W.3d at 413. Before trial, the defendant filed a motion to dismiss the ACA charge on the ground that the three-year minimum incarceration requirement of the ACA statute as applied to a juvenile was unconstitutional, and the trial court agreed. *Id*. at 413-14. Instead of dismissing the ACA charge against the defendant, however, the trial court denominated its determination a "judgment," and the State appealed. *Id*. at 414. The Supreme Court concluded the trial court's judgment was not a "final judgment" for purposes of appeal:

> Not only has Ms. Smiley not been sentenced for armed criminal action, she also has not been found or pleaded guilty to that offense. Indeed, barring a guilty plea, the trial court (as trier of fact) will not even consider whether Ms. Smiley is guilty of armed criminal action *unless and until it finds she is guilty of the associated assault charge. Because all of this remains to be determined, the trial court's judgment was not a final judgment* ….

*Id*. at 415 (emphasis added). Thus, *both* the assault and ACA charges – the extent of the two counts charged, must be resolved before the judgment becomes final for purposes of appeal. *Id*. Because both charges were still pending, the Court dismissed the appeal. *Id*. at 415-17. Like *Smiley*, two counts in the case at bar are pending. *See id*. This Court is constitutionally bound to follow the most recent controlling decision of the Supreme Court of Missouri on these issues. Mo. Const. art. V, § 2; *Inman v. Dominguez*, 371 S.W.3d

5

921, 925 (Mo. App. 2012). We therefore reject the parties' argument to abandon our long-standing approach of requiring resolution of *all* counts before the judgment is final for purposes of appeal. *See Storer*, 324 S.W.3d at 767; *Thomas*, 801 S.W.2d at 505; *Wakefield*, 689 S.W.2d at 811-12.[2]

The State's argument that *State v. Honeycutt*, 421 S.W.3d 410 (Mo. banc 2013), implicitly overruled *Storer* is misdirected because *Honeycutt* is factually distinguishable from *Storer*. *Honeycutt* involved a motion to dismiss, on constitutional grounds, the third count in a three-count indictment. *Id*. at 413-14. The trial court granted the motion and dismissed the indictment without prejudice. *Id*. at 414 n.4. Our Supreme Court determined that the judgment was final for purposes of appeal because the "court's dismissal without prejudice" of defendant's indictment based on its unconstitutional application of the statute at issue "had the practical effect of terminating the litigation and constituted a final and appealable judgment." *Id*. Here, the mistrial granted by the trial court on two of the counts of the information did not dismiss either of those charges or terminate the litigation. Therefore, *Honeycutt* is factually distinguishable from *Storer* and has no application to the case at bar. Because two counts requiring further adjudication remain pending in this case, the judgment is not final. Accordingly, the appeal is dismissed.

JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – CONCUR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

---

[2] Citing *Thomas* and *Wakefield*, Defendant requests that this Court hold the appeal in abeyance and remand this cause to the trial court for the limited purpose of disposing of Counts 1 and 3. We decline to do so. Instead, we follow the more recent approach of dismissing the appeal as was done in both *Smiley* and *Storer*.