

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,           )     *Opinion issued March 17, 2020*
                               )
            Respondent,      )
                               )
v.                                 )     No. SC97910
                               )
JEFFREY A. WATERS,        )
                               )
            Appellant.         )

### APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY
The Honorable John D. Beger, Judge

Jeffrey Waters was charged with first-degree statutory rape, first-degree statutory sodomy, incest, and attempted first-degree statutory sodomy. A jury convicted him of the two sodomy charges but could not reach a verdict on the rape and incest charges. The circuit court declared a mistrial as to the two counts on which the jury could not reach a verdict. The circuit court subsequently entered a judgment disposing of and imposing sentences on the two counts on which the jury found Mr. Waters guilty; however, the judgment was silent as to the two counts on which it had ordered a mistrial. Mr. Waters appeals. Because two counts remain pending, the circuit court's judgment is not final. Accordingly, Mr. Waters's appeal is dismissed.

**Factual and Procedural Background**

Mr. Waters was charged with the three unclassified felonies of first degree statutory rape, section 566.032, RSMo Supp. 2006; first degree statutory sodomy and attempted first degree statutory sodomy, section 566.062, RSMo Supp. 2006; and the class D felony of incest, section 568.020, RSMo Supp. 2006, for conduct that allegedly occurred over a two-day period in November 2015. At the conclusion of a trial in May 2017, a jury found Mr. Waters guilty of statutory sodomy and attempted statutory sodomy. The jury, however, was not able to reach a verdict on the counts of incest and rape, and the circuit court ordered a mistrial as to those counts. Mr. Waters was then sentenced, as a prior offender, on the statutory sodomy and attempted statutory sodomy counts to consecutive prison terms of ten and eight years, respectively.

On June 21, 2017, the court entered a judgment that correctly reflected the jury verdicts of guilty and the sentences on the statutory sodomy and attempted statutory sodomy convictions. The judgment incorrectly stated, however, that the jury found Mr. Waters "not guilty" of the remaining two charges. On August 2, 2017, the circuit court entered an amended judgment that restated the correct dispositions and sentences on the statutory sodomy and attempted statutory sodomy charges but omitted any reference to the charges of incest and statutory rape.[1] These counts remain pending in the circuit court.

---

[1] Rule 29.12(c) authorizes *nunc pro tunc* corrections of clerical mistakes in judgments. The amended judgment, filed August 2, 2017, was intended to correct the mistake that "not guilty" verdicts were entered on the statutory rape and incest charges. *State v. Lemasters*, 456 S.W.3d 416, 426 (Mo. banc 2015). The intent to correct scrivener's errors, rather than to reflect changes in the circuit court's rulings, is also evidenced by the court's dating the

2

Mr. Waters appeals. This Court granted transfer after opinion by the court of appeals. Mo. Const. art. V, sec. 10.

## Analysis

"This Court has an obligation, acting *sua sponte* if necessary, to determine its authority to hear the appeals that come before it." *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017). "The right to appeal is purely statutory." *State v. Burns*, 994 S.W.2d 941, 941 (Mo. banc 1999). If a statute does not give a right to appeal, the appeal must be dismissed. *Id.* at 942-43; *see also State v. Smiley*, 478 S.W.3d 411, 414 (Mo. banc 2016).

In a criminal case, the right of a defendant to appeal is governed by section 547.070.[2] Section 547.070 authorizes appeals "[i]n all cases of *final judgment* rendered upon any indictment or information . . . ." (Emphasis added). A judgment in a criminal case is final "if the judgment disposes of all disputed issues in the case and leaves nothing for future adjudication." *Smiley*, 478 S.W.3d at 415; *Burns*, 994 S.W.2d at 942.[3] This Court more fully discussed finality of a criminal judgment in *State ex rel. Wagner v. Ruddy*:

---

amended judgment June 21, 2017, the date of its original judgment. The better practice is to label a judgment correcting clerical mistakes as a judgment *nunc pro tunc*.

[2] All statutory references are to RSMo 2016, unless otherwise noted.

[3] The Court in *Burns* relied on civil case authority for the principle that a circuit court's judgment is final if the judgment "disposes of all disputed issues in the case and leaves nothing for future adjudication." 994 S.W.2d at 942 (quoting *Williams v. State*, 954 S.W.2d 710, 711 (Mo. App. 1997), a postconviction proceeding). The principles governing finality of judgments, generally, apply equally in civil and criminal cases. *See Parr v. United States*, 351 U.S. 513, 518 (1956); *Berman v. United States*, 302 U.S. 211, 212-213 (1937); *State v. Smiley*, 478 S.W.3d 411, 415 (Mo. banc 2016); *State v. Larson*, 79 S.W.3d 891, 893 (Mo. banc 2002); *State v. Love*, 454 S.W.3d 907, 908 (Mo. App. 2014); *see also State v. Smothers*, 297 S.W.3d 626, 630-32 (Mo. App. 2009) (holding that dismissal of an

3

> The judgment and sentence entered in the instant case . . . fully decided and disposed of all issues of the criminal proceeding against the relator. It left no questions for future judgment of the court. It was neither interlocutory nor conditional in any respect. It was a final judgment both for purposes of terminating respondent's jurisdiction and of triggering relator's right to serve notice of appeal.

582 S.W.2d 692, 695 (Mo. banc 1979).

Most often, the question of finality in a criminal case is determined by whether a sentence has been imposed. *Burns*, 994 S.W.2d at 942; *see also State v. Larson*, 79 S.W.3d 891, 893 (Mo. banc 2002); *State v. Lynch*, 679 S.W.2d 858, 860 (Mo. banc 1984), *overruled on other grounds by Yale v. City of Independence*, 846 S.W.2d 193, 196 (Mo. banc 1993); *State v. Harris*, 486 S.W.2d 227, 229 (Mo. 1972). The determination that a judgment is final when a sentence has been imposed is, generally, consistent with the requirement that a final judgment fully decide and dispose of all issues and leave no questions for future judgment of the court.

The question raised by this case, however, is whether there can be a final judgment for purposes of appeal when a judgment imposes a sentence finally resolving one or more, but not all, charges in a case. Districts of the court of appeals have decided the issue

---

information without prejudice may be a final judgment when the dismissal "had the practical effect of terminating the litigation in the form it was cast," and noting that circumstance was analogous to a circuit court's dismissal of a civil case for failure to state a claim).

In the civil context, however, a judgment may be final for purposes of appeal when it "disposes of all claims by or against one or more – but fewer than all – of the parties" or "resolves one or more claims that are distinct from those claims that remain to be resolved," and the circuit court expressly determines "there is no just reason for delay." *Wilson v. City of St. Louis*, No. SC97544, 2020 WL 203137, at *4-5 (Mo. banc Jan. 14, 2020) (emphasis omitted); Rule 74.01(b). There is no comparable rule in criminal proceedings.

4

differently.  In reliance on the principle that a final judgment fully decides and disposes of all issues in the case and leaves no question for further judgment of the court, the Southern District held that a criminal judgment must resolve all charges pending against a defendant to be final for purposes of appeal.  *See, e.g., State v. Storer*, 324 S.W.3d 765, 767 (Mo. App. 2010); *State v. Thomas*, 801 S.W.2d 504, 505 (Mo. App. 1991); *State v. Wakefield*, 689 S.W.2d 809, 811-12 (Mo. App. 1985).  The Eastern District has reached the contrary conclusion, holding resolution of all charges in an indictment or information is not required for a final judgment; a criminal judgment is final for purposes of appeal when the judgment imposes a sentence and finally resolves a particular charge.   *See State v. Bracken*, 333 S.W.3d 48 (Mo. App. 2010); *State v. March*, 130 S.W.3d 746, 748 (Mo. App. 2004).

In reaching that conclusion, the Eastern District, in the *March* opinion, relied on a statement of this Court in *Burns* that a judgment is final when there is "an order of dismissal or discharge of a defendant prior to trial which has the effect of foreclosing any further prosecution of the defendant *on a particular charge.*"   *March,* 130 S.W.3d at 748 (emphasis added).  The language in *Burns* referencing "a particular charge" was imprecise.  The statement was made in the context of the case – there was only one charge in the indictment, which had been dismissed without prejudice by the court – and is inconsistent with the authority relied on by *Burns* that "[a] trial court's judgment is final for purposes of conferring appellate jurisdiction if the judgment 'disposes of all disputed issues *in the case* and leaves nothing for future adjudication.'"  *Burns,* 994 S.W.2d at 942 (emphasis added).  The *March* and *Bracken* decisions, therefore, should no longer be followed.

The state cites a different case from this Court, *State v. Honeycutt*, 421 S.W.3d 410 (Mo. banc 2013), to support its position that a judgment disposing of fewer than all counts can be a final judgment. In *Honeycutt*, the circuit court sustained the defendant's motion to dismiss the third count of a three-count indictment and, when the state appealed from the dismissal of the third count, this Court held "[t]he circuit court's granting Honeycutt's motion to dismiss the third count on constitutional grounds is a final judgment from which the State may appeal." *Id.* at 413. The issue of the finality of an appeal of fewer than all counts was not expressly addressed in *Honeycutt*, and the case involved an appeal by the state, under section 547.200, rather than by the defendant, under section 547.070, as in this case.[4]

The state further argues that it is the better policy to find a judgment final that imposes a sentence and disposes of a particular count. Otherwise, the state argues, a defendant may be incarcerated on a sentence with no right to appeal. That concern can be avoided by the circuit court imposing sentence only after disposition of all counts in the case.

Finally, the state argues the judgment was final because the statutory rape and incest counts were effectively severed from the sodomy and attempted sodomy counts on which Mr. Waters was convicted and that the "effectively severed counts" should be treated as a separate case. Severance of an offense from a multi-count indictment or information requires permission of the court. Rule 24.07. A party seeking severance must file a written

---

[4] The validity of the conclusion in *Honeycutt* that there was a final judgment is not before this Court.

6

motion and demonstrate that substantial prejudice will result if the offenses are not severed. *Id.* The record shows that neither the state nor Mr. Waters sought severance pursuant to Rule 24.07, nor did the circuit court order severance. Accordingly, the two pending counts were not severed and will not be treated as if they were.

A judgment of conviction is not final so long as any count in an indictment or information remains pending before the circuit court. Because Mr. Waters was charged with four counts in an amended information and two of those counts remain pending before the circuit court, the circuit court's judgment of conviction on only two of the counts is not final for purposes of appeal.

## Conclusion

The circuit court's judgment is not final for purposes of appeal under section 547.070. Accordingly, Mr. Waters's appeal is dismissed, and the cause is remanded.

_____
PATRICIA BRECKENRIDGE, JUDGE

All concur.

7