

# Missouri Court of Appeals
### Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant, | ) | No. SD38196 |
| | ) | |
| v. | ) | **Filed: September 27, 2024** |
| | ) | |
| ANDREW T. MOORE, | ) | |
| | ) | |
| Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Megan K. Seay, Judge

## DISMISSED

In three points relied on, the State appeals the trial court's grant of
Andrew T. Moore's Motion to Dismiss All Allegations of Conduct Prior to January
1, 2017. Finding the State failed to timely file its notice of appeal, we accordingly
dismiss.

### Facts and Procedural History

On December 21, 2022, Moore was charged by felony information with
one count of receiving stolen property, a class C felony, in violation of section

570.030 RSMo Cum. Supp (2017).[1] The information charged Moore with a continuing course of conduct from "on or about December 22, 2014 through November 30, 2018."

On June 28, 2023, Moore filed a Motion to Dismiss All Allegations of Conduct Prior to January 1, 2017. Moore contended the "disposed of" provision of the receiving stolen property statute was "contained in Section 570.080" RSMo Cum. Supp.(2011) prior to January 1, 2017, and in section 570.030 after January 1, 2017. Moore contended that such conduct, therefore, was not a violation of section 570.030 before January 1, 2017.

A hearing was held on Moore's motion. On August 24, 2023, the trial court granted Moore's motion. This appeal followed.

The State challenges the trial court's order in three points relied on. However, because the State failed to follow section 547.200, the statute governing notice of appeal in this case, we dismiss the State's appeal.

## Analysis

"This Court has an obligation to determine, acting *sua sponte* when necessary, whether it has jurisdiction to entertain an appeal." ***State v. Harris***, 675 S.W.3d 202, 204 (Mo. banc 2023) (quoting ***State v. Vandergrift***, 669 S.W.3d 282, 287 (Mo. banc 2023)). "A party's right to an appeal in this state is derived solely from statute." ***P.D.E. v. Juvenile Officer***, 669 S.W.3d 129, 131 (Mo. banc 2023). In this matter, the State was directed by this Court's September

---

[1] All statutory citations are to RSMo (2016) unless otherwise indicated. All rule references are to Missouri Court Rules (2023). The legislature reorganized and made numerous changes to the criminal law statutes effective 2017.

11, 2023 order to provide the statutory authority for its appeal.  In response, the State argued this was a permissible interlocutory appeal, and directed us to section 547.200,[2] which in relevant part provides:

1. An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in:

....

(3) Suppressing evidence[.]

Significantly, section 547.200.4 directs:  "Notices of appeal involving appeals under subsection 1 of this section shall be filed in the appropriate court **within <u>five days</u> of the entry of the order of the trial court**." (emphasis added).[3]

The record reflects the now-challenged order was entered on August 24, 2023.  The State filed its untimely notice of appeal on September 5, 2023.

---

[2] The State argues in the alternative that it appeals from a final judgment.  This argument is unpersuasive.  The cases cited by the State are inapposite, in that here, the information was not found to be insufficient by the trial court and the charge itself has not been dismissed.  Indeed, the record reflects that the charge remains pending below.

[3] As recently explained by the Supreme Court of Missouri:

Section 547.200.3 provides the appeal authorized in § 547.200.1 is an "interlocutory appeal[.]" *See also State v. Smiley*, 478 S.W.3d 411, 414 (Mo. banc 2016) (internal quotation omitted) (explaining "[s]ubsection 547.200.1 permits the state to appeal an interlocutory order or judgment" (internal quotation omitted)).  Rule 30.02 governs interlocutory appeals by the State.

*Harris*, 675 S.W.3d at 205 n.3 (brackets in original).  Rule 30.02 in relevant part states:

If the state is permitted by law to appeal an order or judgment that is not a final judgment, the appeal shall be prosecuted in the same manner as an appeal from a final judgment, except as follows:

(a)  no such appeal shall be effective unless the notice of appeal shall be filed within the time provided by the statute authorizing the appeal[.]

Excluding weekends and holidays, the State's notice was filed seven days after the trial court's order, and therefore, two days **after** the notice of appeal was due. "The timely filing of a notice of appeal is a jurisdictional requirement.  As a result, an appellate court ***must*** dismiss an appeal if the notice of appeal is untimely." ***P.D.E.***, 669 S.W.3d at 132 (emphasis added) (internal citations omitted).  As the State's notice of appeal was untimely per section 547.200.4, the appeal is accordingly dismissed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, C.J. – CONCURS