

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION THREE</u>

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110549 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 1822-CR03777-01 |
| | ) | |
| KAREN A. QUINN, | ) | Honorable Michael W. Noble |
| | ) | |
| Respondent. | ) | Filed: May 30, 2023 |

<u>Introduction</u>

The State of Missouri appeals from the trial court's judgment dismissing the criminal charges against Karen A. Quinn (Quinn) with prejudice.[1] The State argues the trial court plainly erred in finding both that the State made a willful or bad faith discovery violation and that the State violated Quinn's right to a speedy trial. We reverse and remand for the trial court to reinstate the charges against Quinn.

<u>Background</u>

In a January 2019 indictment, the State charged Quinn with one count of the class A felony of murder in the first degree, one count of the class A felony of robbery in the

---

[1] The trial court dismissed charges against both Karen Quinn and co-defendant Rachel Nixon on the basis that the State's continuing discovery violations violated Quinn's and Nixon's rights to a fair and speedy trial. Accordingly, our opinion in co-defendant Nixon's companion case, <u>State v. Nixon</u>, No. ED110548, slip op. (Mo. App. E.D. May 30, 2023), handed down this same day, is substantially similar to our opinion here.

first degree, and two associated counts of armed criminal action (ACA). The probable cause statement and indictment alleged that on or about April 15, 2018, Quinn, Ammizabad Johnson (Johnson), Rachel Nixon (Nixon), and Darean Marshall (Marshall),[2] acting together, enticed Jerome Boyd, Jr. (Victim) to an address under the guise of a purported illicit drug transaction. After Victim arrived at the address, Nixon entered Victim's vehicle and directed him to a second address where the others were waiting. At the second address, one of the co-defendants fired multiple shots at the front of Victim's vehicle, and Quinn or Johnson[3] entered the back seat of the vehicle and shot Victim in the back of the head, causing his death. The co-defendants also stole controlled substances and a radio amplifier in the possession of Victim.

In January of 2019, Quinn supplemented her earlier request for discovery, identifying the following missing discoverable items, as relevant to this appeal: any and all written or oral reports, typed or handwritten notes, or memoranda both from responding state law enforcement officers, detectives, and sergeants regarding their investigations and witness interviews, and from federal officers, including but not limited to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Robin O'Quinn (Special Agent O'Quinn). Quinn filed motions to compel this discovery in December of 2019 and July of 2021, and the trial court granted both.

On October 14, 2021, Quinn filed a motion for sanctions for violations of the discovery rules contained in Rule 25.[4] Quinn asserted that during a deposition of St. Louis

---

[2] Marshall later pleaded guilty to the class C felony of delivery of a controlled substance, and the State dismissed the charges of murder in the second degree and two counts of ACA by *nolle prosequi*. Case No. 1822-CR03775-01.

[3] Johnson later pleaded guilty to the class D felony of unlawful possession of a firearm and to the class C felony of delivery of a controlled substance. The State dismissed the charges of murder in the first degree and ACA by *nolle prosequi*. Case No. 1822-CR03776-01.

[4] All rule references are to Mo. R. Crim. P. 2018, unless otherwise stated.

Metropolitan Police Detective Wallace Leopold (Detective Leopold), lead homicide detective in this case, Detective Leopold testified that he was aware St. Louis Metropolitan Police Detective Chris Flaugher (Detective Flaugher) and ATF Special Agent O'Quinn had questioned Quinn in her home on October 15, 2018. Detective Leopold attested Detective Flaugher is a detective in the St. Louis Metropolitan Police Department intelligence unit working with ATF agents doing follow-up investigations with gun owners. Detective Leopold did not know the contents of Quinn's interview by Detective Flaugher and Special Agent O'Quinn because he had not received a report of the interview.

At a hearing on the motion for sanctions, counsel for Quinn asserted that despite multiple requests for discovery, motions to compel, and court orders compelling disclosure, the State still had not provided federal agents' investigative reports nor federal reports of the substance of oral statements Quinn made to Detective Flaugher or Special Agent O'Quinn at the October 15, 2018 ATF interview. Counsel for Quinn requested the trial court exclude both any reference to statements Quinn made in the October 15, 2018 ATF interview, and also the statements Quinn made during interviews with state law enforcement on October 16 and 18, 2018, which led to the state criminal charges against her. The State had disclosed Quinn's October 16 and 18, 2018 interviews. The State reported that it had made informal attempts to contact ATF to obtain their report and had mistakenly believed the report was included with other materials received from ATF in August of 2021, and the State declared it would both continue informal requests and also formally pursue the report with a subpoena.

After the hearing, the trial court found the State's failure to produce the ATF report of Quinn's statements was a continuous violation of Rules 25.02[5] and 25.03.[6] Accordingly, the trial court granted the defense's motion for sanctions in part and excluded Quinn's statements made both during the ATF interview on October 15, 2018 and during interviews with state law enforcement on October 16 and 18, 2018. In the accompanying order, the trial court ordered the State to subpoena ATF for Quinn's requested records and to provide

---

[5] Rule 25.02 provides, as relevant: "…[U]pon the filing of an indictment or information discovery may commence. … Requests or motions for discovery shall be answered within fourteen days after service of the request. The court may enlarge or shorten the times specified in this rule."

[6] Rule 25.03 provides the following disclosure requirements for the State in misdemeanor or felony cases, as relevant:

> …
> (b) Disclosure after indictment or filing of information. Except as otherwise provided in these Rules, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel the following material and information within its possession or control designated in the request:
>> (1) Any arrest reports, incident reports, investigative reports, written or recorded statements, documents, photographs, video, electronic communications and electronic data that relate to the offense for which defendant is charged;
>> (2) The names and last known addresses of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda, reporting or summarizing part or all of their oral statements;
>> (3) Any written or recorded statements and the substance of any oral statements made by defendant, a co-defendant or a co-actor, a list of all witnesses to the making of the statements and a list of all witnesses to the acknowledgment of the statements including the last known addresses of the witnesses;
>> …
> (g) The state shall, without written request, disclose to defendant any material or information that tends to negate the guilt of defendant for the charged offense, mitigate the degree of the offense charged, reduce the punishment of the offense charged, and any additional material or information that would be required to be disclosed to comply with Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972) and their progeny.
> (h) If material or information would be discoverable under subsections (b) and (g) of this Rule if in the possession or control of the state, but is in possession or control of other governmental personnel, the state shall use diligence and make good faith efforts to make the material or information available to defendant. If the state's efforts are unsuccessful and the material or information or other governmental personnel are subject to the jurisdiction of the court, the court, upon request, shall issue subpoenas or orders to cause the material or information to be made available to the state for disclosure to the defense.

Quinn with the contents of any and all statements she made to ATF. The trial court later granted the State an extension, over Quinn's objection, to April 8, 2022.

On April 12, 2022, Quinn filed a motion to dismiss both for failure to prosecute and for willful, knowing, and continuous discovery violations. Quinn argued the State's failure to obtain ATF records or to contact Detective Flaugher for the substance of Quinn's statements to ATF in over three years demonstrated a lack of good faith, although Quinn acknowledged the State declared it had again been in contact with Special Agent O'Quinn in February of 2022 but had been unable to obtain the requested report. Quinn further argued in her motion to dismiss that without the ATF report of her statements, she could not fairly proceed to trial, yet she also argued that further delays would violate her right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments. As a remedy, Quinn requested the trial court dismiss the charges against her with prejudice. On April 13, 2022 after a hearing,[7] the trial court concluded the State's continuing discovery violations violated Quinn's right to a fair and speedy trial. Accordingly, the trial court dismissed the charges against Quinn with prejudice.

The State filed a motion for reconsideration, arguing it did not fail to comply with Rule 25.03. In its motion, the State detailed the efforts it had made to secure a copy of the ATF report, including that on October 25, 2021 it issued ATF a subpoena with a court order. As well, the State asserted it had sent Special Agent O'Quinn an updated request

---

[7] The record does not include a transcript of the April 13, 2022 hearing. Quinn argues that because the State did not produce a transcript of this hearing, this Court cannot review the trial court's ruling on the motion. The State responds that it contacted the court reporter, who informed them that the October 15, 2021 and April 29, 2022 transcripts already filed with this Court are the only two transcripts available in this case, and thus the State believes that no transcript exists of the April 13, 2022 hearing.

for the ATF report in February of 2022 and had again followed up with Special Agent O'Quinn in April of 2022 to no avail.

At a hearing on the State's motion, the trial court determined it no longer had jurisdiction to consider the State's motion for reconsideration. This appeal follows.

## Standard of Review

The State concedes that its claims are not preserved for appellate review because it did not raise the arguments it now asserts on appeal before the trial court dismissed the case with prejudice. A dismissal with prejudice prior to trial in a criminal case is a final judgment, and the trial court loses jurisdiction over a criminal case once it enters a final judgment. State v. Burns, 994 S.W.2d 941, 942 (Mo. banc 1999). The State did not raise the arguments presented on appeal until its motion for reconsideration, which was filed after the trial court had lost jurisdiction. See id.

Nevertheless, the State requests plain error review under Supreme Court Rule 30.20. Plain-error review is a two-step process. First, we determine whether the record facially establishes substantial grounds to believe plain error occurred, which is error that is evident, obvious, and clear, resulting in manifest injustice or a miscarriage of justice. State v. McCleary, 423 S.W.3d 888, 896 (Mo. App. E.D. 2014). If the first step is met, then we may consider whether the error actually resulted in manifest injustice or a miscarriage of justice. Id. Where the trial court has erroneously dismissed criminal charges, manifest injustice or a miscarriage of justice will occur if the error was outcome determinative and undermines faith in the criminal justice system. See State v. Jackson-Kuofie, 646 S.W.3d 312, 316-17 (Mo. App. W.D. 2022).

## Point I

6

In its first point, the State argues the trial court plainly erred in dismissing the charges against Quinn with prejudice because the State did not violate discovery rules by failing to disclose the ATF report. The State further argues this plain error resulted in manifest injustice because the State was unable to prosecute Quinn for murder, robbery, and ACA. We agree.

Rule 25.03(b) provides that the State "shall, upon written request of defendant's counsel, disclose to defendant's counsel the following material and information within its possession or control designated in the request: (1) [a]ny arrest reports, incident reports, investigative reports, written or recorded statements … that relate to the offense for which defendant is charged." Likewise, the State must disclose to the defendant, even without written request, any material or information that tends to negate the defendant's guilt for the charged offense. Rule 25.03(g). Moreover, if the material or information would be discoverable under Rule 25.03(b) and (g) if it were in the possession or control of the State, but is in fact in the possession or control of other governmental personnel, the State "shall use diligence and make good faith efforts to make the material or information available to defendant." Rule 25.03(h). Should the State be unsuccessful in its efforts and the material or information of the other governmental personnel is subject to jurisdiction of the court, the court, upon request, shall issue subpoenas or orders to cause the material or information to be available to the State for disclosure to the defense. Rule 25.03(h).

The purpose of the rules of criminal discovery is to prevent surprise "by allowing both sides to know the witnesses and evidence to be introduced at trial." State v. Zuroweste, 570 S.W.3d 51, 56 (Mo. banc 2019) (citation omitted); see also State v. Johnson, 513 S.W.3d 360, 364 (Mo. App. E.D. 2016). Rule 25.03(h) places an affirmative

requirement of diligence and good faith on the State to attempt to locate evidence in the control of other governmental personnel, but Rule 25.03(h) does not require the State to be successful in its efforts. See State v. Steidley, 533 S.W.3d 762, 772 (Mo. App. W.D. 2017) (finding no Rule 25.03 violation although State had been unable to secure requested evidence from ATF). Whether the efforts by the State to obtain material in the control of other governmental personnel constituted diligence and good faith under Rule 25.03(h) is a question of fact. Merriweather v. State, 294 S.W.3d 52, 56 (Mo. banc 2009).

Next, if the trial court finds the State has violated Rule 25.03, the trial court has the discretion to impose sanctions under Rule 25.18. We review a trial court's decision whether to impose sanctions for an abuse of discretion and will reverse for an abuse of that discretion only where the trial court's ruling resulted in fundamental unfairness. See Zuroweste, 570 S.W.3d at 56. Fundamental unfairness occurs when there was a reasonable likelihood that timely disclosure of evidence would have affected the result of the trial. See Johnson, 513 S.W.3d at 365.

Here, in January of 2019, counsel for Quinn requested "any and all written or oral reports, typed or handwritten notes, or memoranda both from responding law enforcement officers, detectives, and sergeants regarding their investigations and witness interviews, and from federal officers, including but not limited to [ATF Special Agent O'Quinn]." This request triggered the State's burden under Rule 25.03(b) and (h) to use diligence and make good faith efforts to make this requested material available to Quinn. See Zuroweste, 570 S.W.3d at 57.

Our review of the record shows the State engaged in the following efforts to obtain the ATF report. It is uncontested that the State made informal requests of ATF for the

8

investigative report sometime between July and October of 2021, and that the State had been in contact with Special Agent O'Quinn again informally requesting the ATF report in February of 2022. Moreover, while not before the trial court prior to its dismissal with prejudice, the record on appeal includes the State's assertions that it had made additional informal requests for the ATF report from Special Agent O'Quinn in October of 2021 and in April of 2022, and that the State had also provided ATF with a subpoena and court order requesting the report on October 25, 2021. Despite these efforts, ATF did not deliver the report of its October 15, 2018 interview with Quinn to the State.

However, the State's mere failure to disclose requested information does not by itself establish a violation of Rule 25.03(h). Rule 25.03(h) requires only that the State use diligence and good faith in attempting to obtain discovery from other governmental personnel. The rule specifically recognizes that the State may be unsuccessful in its efforts, and, accordingly, it provides that "if the information of the other governmental personnel is subject to the jurisdiction of the court, the court, upon request, shall issue a subpoena and order to cause the material or information to be available." Rule 25.03(h). We consider two aspects of this rule separately.

First, looking at the subpoena authority of Rule 25.03(h), Missouri courts have interpreted this language as providing "a means for the defense to try to obtain information or materials which is not in the possession or control of the State, but of which the State is aware." See Steidley, 533 S.W.3d at 772. Where the State has attempted without success to obtain the requested discovery from other governmental personnel despite diligence and good faith efforts, either party is equally able to request a subpoena and court order for the

9

material.  See id.[8]  Quinn cannot decline to make any efforts to secure discovery of which she is aware and that the State has unsuccessfully attempted to secure, and then demand dismissal for the State's failure to obtain material in possession of a federal agency.  See State v. Spencer, 50 S.W.3d 869, 878 (Mo. App. E.D. 2001) ("prosecution has no obligation to disclose evidence of which the defense is already aware and which the defense can acquire") (quoting State v. Brooks, 960 S.W.2d 479, 498 (Mo. banc 1997)).

Second, we consider whether "the information of the other governmental personnel [was] subject to the jurisdiction of the court."  The State argues the trial court plainly erred in granting Quinn's motion to dismiss for discovery violations because the trial court failed to determine whether the ATF report was subject to the jurisdiction of the court.  Under our plain-error review,[9] we find the trial court did not have jurisdiction over the ATF report and thus plainly erred, resulting in manifest injustice, in dismissing the charges with prejudice for the State's failure to produce the ATF report.

As a federal law enforcement agency, ATF was not required to comply with a state-court order and subpoena for information or testimony, regardless of which party requested the information.  ATF is a law enforcement agency that falls under the United States

---

[8] Although Quinn argues in her Respondent's Brief that the Missouri Supreme Court in State v. Harrington imposes a burden on the State to produce evidence from federal law enforcement agencies, the different facts of that case make it inapplicable here.  534 S.W.2d 44 (Mo. banc 1976).  In Harrington, the State had made multiple requests from the F.B.I. for a copy of the defendant's inculpatory statement without success before eventually receiving the document the day before trial.  Id. at 46.  Although the defense had requested disclosure of all statements by the defendant, the State did not deliver the statement to defense counsel until the start of trial.  Id.  The Missouri Supreme Court found the State's failure to deliver a copy of defendant's statement prior to trial despite receiving it the day before was fundamentally unfair and thus reversed the conviction.  Id. at 47-48.  These facts bear no resemblance to the situation here where the State did not disclose the requested statement because it was unable to obtain it from ATF.

[9] Although the State raised the issue of the trial court's jurisdiction over the requested materials, the State did not fully develop the argument in its brief.  Nevertheless, the trial court's lack of jurisdiction over the requested materials is dispositive, and we exercise our discretion to consider it.  See Rule 30.20 ("[w]hether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom").

10

Department of Justice. See 6 U.S.C. § 531 (2006). As part of the United States Department of Justice, ATF agents are executive branch employees subject to federal regulations. See 5 U.S.C. § 301 (2001).

Federal regulations 28 C.F.R. §§ 16.21-16.26, known as the Touhy regulations, limit disclosure of information in legal proceedings. These federal regulations prohibit current or former subordinates of the United States Department of Justice from producing documents or providing testimony in response to state-court subpoenas and orders in cases where the United States is not a party, unless the appropriate agency official authorizes disclosure. 28 C.F.R. §§ 16.21(a), 16.22(a); United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951) (approving United States Department of Justice regulation requiring United States Attorney General's approval before FBI agent could release official documents). In essence, the Touhy regulations act as a jurisdictional limitation on a state trial court's authority. Thus, to the extent the trial court found the State violated Rule 25.03(h) by failing to disclose the ATF report that was in the sole possession of ATF, neither the State nor the trial court had the authority to demand compliance from ATF to produce the report.[10] The State cannot be penalized for failing to disclose evidence it was not authorized to obtain.

Likewise, although Quinn argues the State was obligated under Rule 25.03(h) to contact Detective Flaugher to learn the substance of the ATF report and the October 15, 2018 interview, we question whether the State would have been allowed to circumvent the

---

[10] Moreover, to the extent Quinn argues the information contained in the ATF report was exculpatory, the report was equally, if not more, available to Quinn. See Kasi v. Angelone, 300 F.3d 487, 506 (4th Cir. 2002) (state criminal defendant who seeks investigative file materials from federal agency must comply with Touhy regulations, and, if aggrieved by response of federal law enforcement agency, state criminal defendant has remedy to seek potentially exculpatory Brady material before U.S. District Court, which has authority to compel federal law enforcement agency to produce requested information).

Touhy regulations in this manner. According to the United States Department of Justice's own rules, "[a] state or local law enforcement officer assigned to a joint task force or other working group of a federal law enforcement agency is included within [the definition of 'employee of the United States' for purposes of 28 C.F.R. § 16.21(b)] to the extent the subpoena or demand relates to his or her work on the task force." See The United States Department of Justice, Justice Manual, Title 1: Organization and Functions, section 1-6.111 – Definitions – "Employee," https://www.justice.gov/jm/jm-1-6000-doj-personnel-witnesses (last visited April 20, 2023).

As far as the record here shows, Detective Flaugher is an officer with the St. Louis Metropolitan Police Department who apparently was working on a federal task force with ATF agents assisting with a federal investigation.[11] Information discovered as part of that federal task force would be subject to federal rules, including the Touhy regulations. The State here cannot be found to have violated Rule 25.03(h) for failing to obtain the substance of the federal investigation from Detective Flaugher when he would have been prohibited under the Touhy regulations from disclosing the investigative results without prior authorization from the United States Department of Justice. The trial court plainly erred in finding the State violated Rule 25.03 under these circumstances, and this plain error resulted in manifest injustice. The charges the trial court erroneously dismissed here were of the utmost gravity—first-degree murder, first-degree robbery, and ACA stemming from the ambush and execution of a victim—and society has a public-safety interest in the

---

[11] Detective Leopold attested that Detective Flaugher "is a detective in the [St. Louis Metropolitan Police Department] intelligence unit and that at the time, they were working with ATF to do follow-up investigations with gun owners." Moreover, the October 15, 2018 interview with Quinn was memorialized in an ATF report, not a St. Louis police report, further demonstrating that Detective Flaugher's role was to assist with a federal investigation.

12

prosecution of these types of crimes. To erroneously dismiss such serious charges undermines faith in the criminal justice system, which we find results in manifest injustice or a miscarriage of justice. See Jackson-Kuofie, 646 S.W.3d at 316-17.

Regardless, even if the State's failure to disclose the ATF report or to depose Detective Flaugher to obtain a summary of the ATF interviews with Quinn was a violation of Rule 25.03(h), which we do not find, the trial court abused its discretion and plainly erred in imposing the extreme sanction of dismissal with prejudice under the circumstances here. The purpose of the rules of criminal discovery is to prevent surprise "by allowing both sides to know the witnesses and evidence *to be introduced at trial*." Zuroweste, 570 S.W.3d 56 (citation omitted) (emphasis added). Here, there was no possibility that the State could surprise Quinn at trial with the substance of any statements she made during her encounters with law enforcement on October 15, 16, and 18 of 2018, because the trial court had already excluded these statements from evidence. See State v. Torres, 626 S.W.3d 316, 322 (Mo. App. W.D. 2021) ("[w]here the State does not intend to introduce something at a hearing or trial, that item is not subject to disclosure under Rule 25.03(b)") (citing State v. Kilgore, 771 S.W.2d 57, 65-66 (Mo. banc 1989)).

Thus, whether or not Quinn's statements to ATF, which the State had not been able to obtain from ATF despite multiple requests, were disclosed to her before trial could have no bearing on the outcome of the trial. The record shows the State did not have the ATF report, the State did not know the substance of Quinn's statements to ATF, and the lead homicide detective investigating Quinn's case testified he did not know the substance of her statements to ATF. Quinn is the only party to this case who is aware of the substance of her statements to ATF, and her arguments suggest her statements were inculpatory,

13

rather than exculpatory. However, no matter how inculpatory her statements were, they would not be admissible as evidence at trial pursuant to the trial court's October 2021 order excluding the substance of all her statements to state and federal law enforcement on October 15, 16, and 18 of 2018.

Under the circumstances here, we find it was plain error and a manifest injustice for the trial court to dismiss with prejudice these very serious charges against Quinn. Again, she was charged with acting with others in the coordinated ambush and execution-style murder of Victim, and, while she is afforded the presumption of innocence, a trial court's action that prevents the State from presenting its case to a jury of her peers—especially on the unsound grounds that the State failed to disclose to Quinn evidence it did not have, was not entitled to receive, and could not have introduced at trial even if it did obtain—undermines faith in the criminal justice system. See Jackson-Kuofie, 646 S.W.3d at 316-17; see also State v. A.S., 648 S.W.3d 862, 866 (Mo. App. W.D. 2022) (finding reversible plain error and manifest injustice when trial court dismissed criminal charges with prejudice relying on inapplicable rule).

Point granted.

## Point II

In its second point on appeal, the State argues the trial court plainly erred in dismissing the charges against Quinn with prejudice for a speedy-trial violation, resulting in manifest injustice. We agree.

Quinn concedes that she never filed a formal request for a speedy trial, but rather that she premised her speedy-trial claim on the State's alleged continuing discovery violation. Because we find the State did not violate Rule 25.03(h), the associated speedy-

14

trial claim must fail as well. The delay here was based on both parties' and the trial court's misunderstanding of the limitations of the State's and the trial court's jurisdiction to demand compliance with a request for information from ATF, a federal law enforcement agency that was not a party to this case. The trial court did not have jurisdiction over the information demanded from ATF, and, unless the appropriate United States Department of Justice official authorized disclosure of the ATF report, the parties would have to proceed to trial without it. See 28 C.F.R. §§ 16.21(a), 16.22(a); Touhy, 340 U.S. at 468. The trial court plainly erred in granting Quinn's motion to dismiss with prejudice, resulting in manifest injustice.

Point granted.

## Conclusion

The trial court's dismissal with prejudice of the pending charges against Quinn on the grounds that the State's continuing discovery violations violated Quinn's right to a fair and speedy trial is reversed, and we remand this matter to the trial court to reinstate the charges.

_____
Gary M. Gaertner, Jr., P.J.

James M. Dowd, J., and
Cristian M. Stevens, J., concur.

15