Corrected December 27, 2024



# *In the*
# *Missouri Court of Appeals*
## *Western District*

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD87017** |
| | ) | |
| **V.** | ) | **OPINION FILED:** |
| | ) | **NOVEMBER 26, 2024** |
| **CRAIG DALTON COWARD,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Saline County, Missouri**
The Honorable W. Page Bellamy, Judge

Before Division One:  Lisa White Hardwick, Presiding Judge, Cynthia L. Martin, Judge
and Janet Sutton, Judge

The State of Missouri appeals from the trial court's order granting Craig Coward's

("Coward") request for a legislative continuance and imposing an automatic stay pursuant

to section 510.120.[1]  The State contends the trial court committed error because the

continuance and automatic stay violated Victim's rights under section 595.209 and

Article 1, section 32 of the Missouri Constitution to a speedy disposition of the case;

because Coward was judicially estopped from asserting the privilege afforded by section

---

[1]All statutory references are to RSMo 2016 as supplemented through November
22, 2023, unless otherwise indicated.

510.120; and because the mandates of Rule 22.09[2] regarding preliminary hearing dates control over section 510.120. Because we lack jurisdiction, we dismiss the State's appeal.

**Factual and Procedural Background**

On November 23, 2023, the State filed a criminal complaint charging Coward with one count of the unclassified felony of rape in the first degree, in violation of section 566.030, and one count of the class D felony of endangering the welfare of a child in the first degree, in violation of section 568.045, for events that occurred on November 22, 2023. On November 27, 2023, D.S.[3] entered his appearance to represent Coward and entered a plea of not guilty for all counts on Coward's behalf. D.S. is a State Representative in the Missouri General Assembly, and has served as a member of the legislature at all times during the adjudication of Coward's case.

At a hearing on November 29, 2023, the trial court received evidence on the issue of Coward's release and bond but took the issues under advisement. At the hearing, the trial court also set Coward's preliminary hearing for December 21, 2023. Later, on December 7, 2023, the trial court held a bond review hearing and set Coward's bond at $150,000 cash or surety with specific conditions outlined in the bond supervision order. During the same hearing, and in anticipation of Coward being able to meet his bond conditions, the date for Coward's preliminary hearing was continued by agreement of the

---

[2]All Rule references are to *Missouri Court Rules, Volume 1 -- State, 2023* unless otherwise noted.

[3] As required by section 509.520, effective August 28, 2023, we are not using the full name of Coward's attorney, and instead refer to the attorney by initials.

parties to a date to be determined on January 11, 2024.  Coward posted his $150,000 surety bond on December 18, 2023.

On January 10, 2024, Coward filed a motion for legislative continuance pursuant to section 510.120 requesting that his preliminary hearing date be scheduled for a date after June 1, 2024, since his counsel, D.S., was serving as a member of the General Assembly.  Section 510.120 .1 provides that there "shall be an automatic stay of all administrative and court proceedings" between January first and ending June first of each year, or whenever the General Assembly is in session, if request for the continuance and stay is made and if the conditions set forth in the statute are demonstrated.

Coward and D.S. did not appear at the January 11, 2024 hearing.  In their absence, the court "aware of the requirements of Rule 22.09" set the matter for preliminary hearing on March 6, 2024.  After the hearing, the trial court initiated a phone conference with counsel for both parties wherein they agreed to set the matter of modification of Coward's bond conditions for hearing on January 25, 2024.  D.S. informed the trial court and the State during the phone conference that if Coward intended to seek another continuance and stay of the rescheduled preliminary hearing, he would file another motion.  The court informed D.S. that if another motion for continuance and stay was filed it would be heard in advance of the March 6, 2024 preliminary hearing date.

Coward filed another motion for legislative continuance and stay pursuant to section 510.120 on February 19, 2024.  The motion alleged that Coward's counsel would be in legislative session at the time of the March 6, 2024 preliminary hearing date and asked that Coward's preliminary hearing be reset for a date after June 1, 2024.  A hearing

3

was held on Coward's motion on February 22, 2024, during which both parties presented evidence and the court took the matter under advisement.  The trial court sustained Coward's motion on February 24, 2024, and entered an order imposing an automatic stay ("Order") reasoning that Supreme Court precedent mandated the granting of a legislative continuance if the trial court found that the request complied with section 510.120.  The Order continued Coward's preliminary hearing to June 5, 2024.

The State appeals.[4]

## Jurisdiction

The State raises three points on appeal which all argue, on different grounds, that the Order granting Coward's motion for legislative continuance, imposing an automatic stay, and rescheduling the preliminary hearing date should be terminated.  "This Court has an obligation to determine, acting *sua sponte* when necessary, whether it has jurisdiction to entertain an appeal." *State v. Harris*, 675 S.W.3d 202, 204 (Mo. banc 2023) (quoting *State v. Vandergrift*, 669 S.W.3d 282, 287 (Mo. banc 2023)).  As a result, we must first determine whether we have the authority to exercise appellate jurisdiction in this matter before we can address the merits of the State's points on appeal.  *See*

---

[4]After filing its notice of appeal on March 1, 2024, the State filed an "Application for Termination of the Stay or in the Alternative Petition for Writ of Mandamus" on March 4, 2024.  *See State ex rel. Thompson v. Bellamy*, WD87018 (Mo. App. W.D. 2024); *and see Noble v. L.D. Enterprises, Inc.*, 687 S.W.3d 11, 14 n.3 (Mo. App. W.D. 2024) (citation omitted) ("It has long been the law that courts may (and should) take judicial notice of their own records in prior proceedings which are (as here) between the same parties on the same basic facts involving the same general claims for relief").  In its writ application, the State advanced identical arguments to those raised in this appeal.  On March 5, 2024, the State's application for termination of the stay or in the alternative petition for writ of mandamus was denied.

*Jefferson City Med. Grp., P.C. v. Brummett*, 665 S.W.3d 380, 384 (Mo. App. W.D. 2023) (finding that the issue of appellate jurisdiction is a threshold matter).

"The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Stratman v. Allstate Fire & Cas. Ins. Co.*, 695 S.W.3d 96, 100 (Mo. App. W.D. 2024) (quoting *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767 (Mo. banc 2020)). The State's right to appeal in a criminal proceeding is governed by section 547.200.[5] *See Harris*, 675 at 204 (finding that section 547.200 governs the State's right to appeal in criminal cases). Under section 547.200.1, the State is only permitted to appeal an interlocutory order or judgment that results in: "(1) [q]uashing an arrest warrant; (2) [a] determination by the court that the accused lacks the mental capacity or fitness to proceed to trial, pursuant to section 552.020; (3) [s]uppressing evidence; or (4) [s]uppressing a confession or admission." In addition, under section 547.200.2, the State "shall be allowed an appeal in . . . all [] criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant" a right that is only implicated "after the rendition of a final judgment." *Harris*, 675 S.W.3d at 205 (internal brackets omitted) (quoting *State v. Burns*, 994 S.W.2d 941, 942 (Mo. banc 1999)). "A judgment is final for purposes of appeal pursuant to [section] 547.200.2 and Rule 30.01(a) if it 'disposes of all disputed issues in the case and leaves nothing for future adjudication.'" *Id.* at 206 (quoting *Burns*, 994 S.W.2d at 942).

---

[5]The State is also given the right to appeal under section 547.210 when "indictment[s] or information[s] are adjudged insufficient upon demurrer or exception, or where judgment thereon is arrested or set aside" if the court of appeals, in its discretion, grants the State's request to appeal. The facts here do not implicate section 547.210.

Here, the trial court's Order granting Coward a continuance and imposing an automatic stay is plainly an interlocutory order and not a final judgment. The Order cannot be appealed therefore pursuant to section 547.200.2. And the Order does not qualify as an appealable interlocutory order pursuant to the categories described in section 547.200.1. As a result, the State has no statutory right to appeal the court's Order under section 547.200.

The State nonetheless claims in its brief that we have jurisdiction to entertain this matter pursuant to section 510.120.4. Section 510.120.4 provides that "[t]he court of appeals shall have original jurisdiction over any application for termination or modification of the stay" referring to the automatic stay authorized by section 510.120.

The plain language of section 510.120.4 does not create a right of appeal and cannot be read to imply a statutory right of appeal from an interlocutory order. When the legislature intends to create a right of immediate appeal from an interlocutory order it does so expressly and explicitly. *See* section 547.200.1 (giving the State the right to an immediate appeal in a criminal case from interlocutory orders as described); section 435.440 (giving the right to an immediate appeal from interlocutory orders involving arbitration); section 472.160 (giving "[a]ny interested person aggrieved thereby" the right to an immediate appeal from an "order, judgment or decree of the probate division" under specific conditions); section 512.020(2) (giving an aggrieved party the right to an immediate appeal from any order "refusing to revoke, modify, or change an interlocutory order appointing a receiver"); section 512.020(3) (giving an aggrieved party the right to an immediate appeal from an "[o]rder granting or denying class action certification" if

6

permission is secured from the court of appeals); section 512.020(4) (giving an aggrieved party the right to an immediate appeal from "[i]nterlocutory judgments in actions of partition which determine the rights of the parties").

The State concedes that section 510.120.4 does not create a statutory right of appeal. The State nonetheless asks this Court to construe its notice of appeal as an independent application for termination or modification of the stay imposed by the Order. The State relies on section 510.120.4's purported extension of "original jurisdiction" to the court of appeals to entertain such applications.

The State's reliance on section 510.120.4 to establish jurisdiction for this Court to entertain an independent application for termination or modification of a section 510.120 stay is unavailing. The jurisdiction of Missouri courts is derived solely from constitutional principles. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. banc 2009) (finding that there are only two kinds of jurisdiction: personal jurisdiction, which is derived from federal constitutional law, and subject matter jurisdiction, which is "governed by article V of the Missouri Constitution"). "Subject matter jurisdiction, in contrast to personal jurisdiction, is not a matter of a state court's power over a person, but the court's authority to render a judgment in a particular category of case." *Id.* at 253. "[T]he subject matter jurisdiction of Missouri's courts is governed directly by the state's constitution." *Id.*

Under Article V, section 3, the court of appeals "shall have general *appellate* jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court." (Emphasis added.) The court of appeals is also afforded jurisdiction to "issue and

7

determine original remedial writs" pursuant to Article V, section 4.1. However, the Missouri Constitution does not bestow "original" jurisdiction on the court of appeals to hear any other cases or controversies. Instead, the circuit courts "shall have ***original*** jurisdiction over all cases and matters, civil and criminal." Article V, section 14 (emphasis added).

Section 510.120.4 attempts to divest the circuit court of its original jurisdiction over a proceeding and to bestow that original jurisdiction on the court of appeals. The legislature is powerless to enlarge or curtail the jurisdiction of Missouri courts as described in the Missouri Constitution. *See e.g.*, *Fitzpatrick v. Ashcroft*, 640 S.W.3d 110, 118 (Mo. App. W.D. 2022) (quoting *Boeving v. Kander*, 493 S.W.3d 865, 872-73 (Mo. App. W.D. 2016)) (finding that "'the legislature cannot expand the scope of the Supreme Court's direct appellate jurisdiction beyond the categories of cases specified in Article V, section 3' of the Missouri constitution"); *and see In re Sizer*, 300 Mo. 369, 254 S.W. 82, 83 (Mo. banc 1923) (holding that "[t]he Legislature is powerless to enlarge or curtail such original jurisdiction, and any statute attempting to do so is void"). Though Article V, section 4.1 of the Missouri Constitution does give this Court "general superintending control over all courts and tribunals in its jurisdiction," that "superintending control" is "limited to the compelling of purely ministerial duties and the exercising of jurisdiction over common law writs, and [does not extend] to matters involving discretion or the exercise of judicial power." *State ex rel. O'Brien v. Moreland*, 778 S.W.2d 400, 407 (Mo. App. E.D. 1989) (citation omitted). The granting of Coward's motion for automatic stay was not a "purely ministerial matter" subject to our "superintending control" apart

8

from an authorized appeal or a petition for an extraordinary writ. This Court does not have the constitutional authority to exercise "original jurisdiction" over an application to terminate or modify an automatic stay issued pursuant to section 510.120 notwithstanding the legislature's attempt to bestow that jurisdiction pursuant to section 510.120.4.[6]

For the reasons explained, the State's appeal must be dismissed. *Harris*, 675 S.W.3d at 206 (holding that "when an appeal is not statutorily authorized, it 'must be dismissed'") (quoting *State v. Waters*, 597 S.W.3d 185, 186 (Mo. banc 2020)). It is worth noting that even if the State had a right to an immediate appeal from the trial court's Order, which it does not, we would be unable to reach the merits of the State's claims because the matter is moot. "A threshold question in any appellate review is the mootness of the controversy." *K.L.M. v. Juv. Officer*, 660 S.W.3d 655, 657 (Mo. App. W.D. 2023) (quoting *Interest of P.D.W.*, 606 S.W.3d 232, 235 (Mo. App. W.D. 2020)). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.* (quoting *D.C.M. v. Pemiscot Cty. Juv. Off.*, 578 S.W.3d 776, 780 (Mo. banc 2019)). Here, the State's prayer for relief for each of its points on appeal is a request that we "terminate the stay previously granted" in the Order. The trial court's Order

---

[6]Though this means there is no right to appellate review of an interlocutory order granting an automatic stay under section 510.120, relief may still be sought by a remedial writ. *See* Rule 84.22 (stating that "[n]o original remedial writ shall be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court"). Here, the State exercised that right. Though writ relief was denied, consistent with the discretionary nature of remedial writs, it cannot be said that the State has no recourse following the issuance of an automatic stay pursuant to section 510.120.

expired by its terms on June 5, 2024, the date set for Coward's preliminary hearing. That date has long since passed rendering it impossible for this Court to grant effectual relief.

The State's appeal is dismissed for lack of appellate jurisdiction. *See Stiens v. Missouri Dep't of Agric.*, 653 S.W.3d 138, 144 (Mo. App. W.D. 2022) (finding that when we lack jurisdiction we must dismiss the appeal).

### Conclusion

The State's appeal is dismissed.

_____
Cynthia L. Martin, Judge

All concur